IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MICKEY LEE MOODY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | 1:16-CV-00485-LSC-SRW |
| | ) | (1:05-CR-00195-LSC-SRW-1) |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OF OPINION**

The Court has before it Petitioner Mickey Lee Moody's ("Moody") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons stated below, the motion is due to be denied as moot.

I. **BACKGROUND**

On September 8, 2005, Moody was charged with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), with penalties at 18 U.S.C. § 924(e)(1). He pled guilty to that count on April 10, 2006. The Presentence Investigation Report ("PSR") recommended that Moody's sentence be enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. §

922(g), because it concluded that he had at least three prior convictions for "violent felonies" that were committed on occasions different from one another. The PSR classified the following Florida and Alabama convictions as either serious drug offenses or "violent felonies:"

    i.    Florida burglary of a dwelling (PSR, ¶¶ 21, 32);

    ii.    Alabama burglary, 3rd degree (*id.* ¶¶ 21, 33);

    iii.    Alabama, serious drug offense (conspiracy to violate the controlled substance act; smuggling marijuana into the United States) (*id.* ¶¶ 21, 39).

On September 7, 2006, this Court sentenced Moody to the ACCA minimum—a 180-month term of imprisonment. The Court also ordered a 36-month term of supervised release upon his release from imprisonment. Moody appealed, and the Eleventh Circuit Court of appeals affirmed Moody's convictions and sentence. Moody filed a motion pursuant to § 2255 on January 21, 2008. (Docketed in Civil Case No. 1:08-cv-00063-MHT.) The Court denied that motion on the merits on April 15, 2010. Moody appealed and that appeal was denied by the Eleventh Circuit in Case No. 10-13597-D. Moody applied for and received authorization to file a second or successive motion from the Eleventh Circuit. That authorization was granted on June 11, 2016 and Moody filed the instant § 2255 motion on June 17, 2016.

## II. Discussion

In his § 2255 motion, Moody contends that he is due to be resentenced in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). However, this Court has recently granted Moody this relief in a related § 2255 petition filed by the Federal Public Defender's office on his behalf. *See* Civil Action No. 1:16-cv-00458-LSC-SRW. Thus, the current motion is due to be denied as moot, as the relief requested in this petition has already been granted in that matter.

## III. Conclusion

For the foregoing reasons, Moody's § 2255 motion is due to be denied. Additionally, this Court may issue a certificate of appealability "only if the application has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jursits would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). This Court finds that Moody's claims do not satisfy either standard. Accordingly, insofar as an

application for a certificate of appealability is implicit in the defendant's motion, it is due to be denied.

A separate closing order will be entered.

**DONE** AND **ORDERED** ON AUGUST 3, 2016.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704